**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| RHONDA BESHEARS; ANDREA COMPTON; ) <br> DIANTHA CRICK; JENNIFER CROSLIN;        ) <br> JOHNNY CROUCH; LAVONNA DAVIS;         ) <br> JOHNNIE FLETCHER; GENAFER FOREE;      ) <br> JEFFREY LONG; JESSICA TAYLOR;              ) <br> MATILDE TAYLOR; PAULA TAYLOR;            ) <br> RUTH VERHEGGHE; AUGUSTINA WISDOM; ) <br> TERRY D BESHEARS AND RHONDA              ) <br> BESHEARS AS PARENTS AND/OR NATURAL ) <br> GUARDIANS ON BEHALF OF B.B. A MINOR  ) <br> CHILD;                                                                  ) <br> TERRY D BESHEARS AND RHONDA              ) <br> BESHEARS AS PARENTS AND/OR NATURAL ) <br> GUARDIANS ON BEHALF OF B.S. A MINOR   ) <br> CHILD;                                                                  ) <br> TERRY D BESHEARS AND RHONDA              ) <br> BESHEARS AS PARENTS AND/OR NATURAL ) <br> GUARDIANS ON BEHALF OF D.S. A MINOR   ) <br> CHILD;                                                                  ) <br> DUSTIN LEE TAYLOR AND JESSICA TAYLOR ) <br> AS PARENTS AND/OR NATURAL                   ) <br> GUARDIANS ON BEHALF OF C.T., A MINOR ) <br> CHILD                                                                    ) <br>                                                                               ) <br>         PLAINTIFFS,                                              ) <br>                                                                               ) <br>                        v.                                                ) <br>                                                                               ) <br> PILGRIM'S PRIDE CORPORATION              ) <br>                                                                               ) <br>         DEFENDANT.                                            ) | CIVIL ACTION NO. _____ <br><br> **JURY TRIAL REQUESTED** |

## **COMPLAINT**

COME NOW Plaintiffs, through their Counsel, and allege the following against

Defendant, Pilgrim's Pride Corporation ("Pilgrim's Pride").

## NATURE OF THE CASE

1. This is a negligence action brought by spouses and minor children of persons that were or continue to be employees of Pilgrim's Pride at their poultry operations in Batesville, Arkansas.

2. Employees of Pilgrim's Pride were exposed to the potentially life-threatening communicable infection, Methicillin-Resistant *Staphylococcus Aureus* ("MRSA") at their place of employment.

3. Said employees unknowingly and unwittingly carried MRSA home and exposed their families to MRSA.

4. Plaintiffs have contracted and/or may contract MRSA from said exposure.[1]

## THE PARTIES

5. Plaintiffs Rhonda Beshears; Andrea Compton; Diantha Crick; Jennifer Croslin; Johnny Crouch; Lavonna Davis; Johnnie Fletcher; Genafer Foree; Jeffrey Long; Jessica Taylor; Matilde Taylor; Paula Taylor; Ruth Verhegghe; Augustina Wisdom; Terry D Beshears and Rhonda Beshears as Parents and/or Natural Guardians on behalf of B.B. a minor child; Terry D Beshears and Rhonda Beshears As Parents and/or Natural Guardians on behalf of B.S. A Minor Child; Terry D Beshears And Rhonda Beshears As Parents and/or Natural Guardians On Behalf Of D. S. a minor child; Dustin Lee Taylor And Jessica Taylor As Parents and/or Natural Guardians on behalf of C.T., a minor child ("Plaintiffs") are either spouses or children of persons

---

[1] The following spouses have contracted MRSA: Rhonda Beshears, Johnny Crouch, Lavonna Davis, Ruth Verhegge ("Infected Spouses"). The following children have contracted MRSA: B.B. a minor child; B.S. A minor child; D. S. a minor child; C.T., a minor child ("Infected Children"). The following spouses have not, at this time, yet contracted MRSA, but, live constantly in fear of contracting same: Andrea Compton; Diantha Crick; Jennifer Croslin; Johnnie Fletcher; Genafer Foree; Jeffrey Long; Jessica Taylor; Matilde Taylor and Augustina Wisdom ("Non-Infected Spouses").

that were or continue to be employees of Pilgrim's Pride at their poultry operations in Batesville, Arkansas.

6. Plaintiffs Rhonda Beshears, Johnny Crouch, Jeffrey Long, Jessica Taylor, Matilde Taylor, Terry D Beshears and Rhonda Beshears as Parents and/or Natural Guardians on behalf of B.B. a minor child; Terry D Beshears and Rhonda Beshears As Parents and/or Natural Guardians on behalf of B.S. A Minor Child; Terry D Beshears And Rhonda Beshears As Parents and/or Natural Guardians On Behalf Of D.S. a minor child; Dustin Lee Taylor And Jessica Taylor As Parents and/or Natural Guardians on behalf of C.T., a minor child are or were residents of Batesville, Arkansas at the time of their exposure to MRSA.

7. Plaintiff Andrea Compton, is or was a resident of Poughkeepsie, Arkansas at the time of her exposure to MRSA.

8. Plaintiffs Diantha Crick, Jennifer Croslin, Lavonna Davis, Augustina Wisdom are or were residents of Cave City, Arkansas at the time of their exposure to MRSA.

9. Plaintiff Johnnie Fletcher, is or was a resident of Jonesboro, Arkansas at the time of her exposure to MRSA.

10. Plaintiff Genafer Foree, is or was a resident of Sidney, Arkansas at the time of her exposure to MRSA.

11. Plaintiff Paula Taylor, is or was a resident of Oxford, Arkansas at the time of her exposure to MRSA.

12. Plaintiff Ruth Verhegghe is or was a resident of Evening Shade, Arkansas at the time of her exposure to MRSA.

13. Defendant is a Delaware corporation in good standing as a foreign corporation in Arkansas. At certain times relevant to this lawsuit, Defendant owned and controlled poultry

operations in the vicinity of Batesville, Arkansas at which the spouses and/or parents of the Plaintiffs were employed.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction and personal jurisdiction over these claims because Judge Means of this Court in case 4:10CV-292-Y *In re Pilgrim's Pride Corporation* ordered the Personal Injury Claimants that were spouses or children of employees of Defendant to file a separate action in this Court no later than February 28, 2013. [Doc. 330].[2]

15. Venue is appropriate in this Court because Judge Means of this Court in case 4:10CV-292-Y *In re Pilgrim's Pride Corporation* ordered the Personal Injury Claimants that were spouses or children of employees of Defendant to file a separate action in this Court no later than February 28, 2013.[3]

## GENERAL ALLEGATIONS

16. MRSA is a bacterial infection that is resistant to treatment by methicillin, the standard antibiotic used for treating *Staphylococcus Aureus* ("Staph") infections.

17. MRSA typically starts as a skin infection, causing swollen, red, pus filled lesions, boils or abscesses. These can be extremely painful.

18. If the bacterium enters the body, through cuts or other wounds, it can result in mild to severe internal infections.

---

[2] The Judge's Order and the Motion that it was ruling upon [Doc. 306] did not accurately reflect the list of spouses of employees. Rhonda Beshears; Andrea Compton; Johnny Crouch; Lavonna Davis; Johnnie Fletcher; Jeffrey Long; Jessica Taylor; Matilde Taylor; Augustina Wisdom are additional spouses of employees that have been added as Plaintiffs in this action.

[3] Personal Injury Claimants had previously filed Proofs of Claim in Defendant's Chapter 11 bankruptcy case – Case No. 08-45664-dml11, which was filed in the U.S. Bankruptcy Court for the Northern District of Texas.

19. The internal infections can cause fever, chills, hypotension, weakness, mental deterioration and pneumonia.

20. MRSA is readily transmitted from person to person by skin to skin contact.

21. Poultry operations, such as those of Defendant are notorious as breeding sites for MRSA.

22. Once contracted, the MRSA infection may reoccur.

23. If MRSA enters the bloodstream and implants itself in the soft tissue of the lungs it can breed and cause infection and pus build up along with inflammation and swelling resulting in pneumonia.

24. In cases where antibiotics cannot target the bacterium there is a possibility of lung failure.

25. MRSA can also infect bone cells causing them to become brittle and in severe cases the blood cell producing functions of the femur may be impacted.

26. MRSA may infect the soft tissue of the skin. It makes the cell walls brittle, causing wide cellular failure. This may lead to organ failure as the soft tissue cells are unable to function properly.

27. MRSA may be carried to the thin sac covering the heart causing infection and inflammation. This interferes with the proper functioning of the heart, increasing the chances of cardiac arrest.

28. MRSA may also be carried to the brain resulting in pus and inflammation build up causing pressure to be placed on the brain resulting in functional problems for the infected person.

29. MRSA is not curable.

30. It is estimated that 19,000 persons die every year in the United States from MRSA infections.

31. MRSA has been found to be present at the poultry operations of Defendant.

32. Defendants' employees have contracted MRSA and have subsequently brought the infection home on their skin and clothing and transmitted it, and/or had the potential to transmit it to their spouses and children.

### Count I - NEGLIGENCE

33. Plaintiffs repeat and reallege the allegations of the above and foregoing paragraphs of this Complaint, as though set forth in this paragraph at length.

34. Plaintiffs assert that Defendant was aware of the present of MRSA in its poultry operations and did not take the necessary measures to protect its employees from becoming infected with MRSA.

35. Defendant did not warn its employees of the possibility of their contracting MRSA.

36. Defendant did not warn its employees of the possibility of their infecting their family members.

37. Medical staff retained by Defendant told Defendant's employees that had contracted MRSA that "it was no big deal" and that they had not contracted MRSA at work at Defendant's poultry operations.

38. Medical staff retained by Defendant were told to cover MRSA wounds and send the infected employee back to work.

39. Infected employees were instructed by Defendant that treatment of their MRSA infection would be paid for by Defendant only so long as the infected employee was treated by medical personnel of Defendant's choosing.

40. Infected employees were instructed by Defendant that treatment of their MRSA infection would not be paid by Defendant for if the infected employee was treated by medical personnel of the infected employee's choosing.

41. Defendant failed to train or instruct its supervisory personnel on how to recognize and respond to MRSA-related wounds on its employees.

42. Defendant knew or should have known about the likelihood of its employees contracting MRSA infections and subsequently transmitting the infection to their family members.

43. Defendant had a duty to warn its employees about the dangers of MRSA, how to avoid becoming infected and how to avoid transmitting the infection to their family members.

44. Defendant had a duty to provide a safe work place environment free from potentially life-threatening bacteria such as MRSA that could be spread amongst its employees and ultimately to their spouses and children.

45. Defendant had a duty to provide proper sanitation at its poultry operation that would have prevented the spread of MRSA amongst its employees.

46. Defendant had a duty to control an infectious disease and prevent it from being spread amongst its employees and ultimately to their spouses and children.

47. Defendant had a duty to warn its employees that working at the Defendant's poultry operation was an abnormally dangerous activity and that MRSA could be spread to persons with whom infected employees came into contact.

48. Defendant failed to properly treat its employees that did contract MRSA, despite having medical personnel on staff for treatment of employee injuries.

49. Defendant's failure to properly treat its employees further increased the likelihood that the infected employees would transmit the infection to their family members.

50. Defendant's policy of sending employees infected with MRSA back to work with active infections increased the likelihood of the MRSA infection spreading amongst other employees and ultimately amongst the employees' family members.

51. As a direct and proximate result for Defendant's acts and omissions, and breaches of the aforementioned and other duties, Infected Spouses have suffered substantial damage to their quality of life including loss of companionship and loss of consortium; the contraction of a potentially life-threatening infection; the drawback of living with a potentially permanent source of MRSA infection; the pain, disfigurement and disruption of their lives caused by reoccurring MRSA outbreaks; as well as the on-going and constant concern and apprehension over reoccurrences of MRSA outbreaks.

52. As a direct and proximate result for Defendant's acts and omissions, and breaches of the aforementioned and other duties, Non-Infected Spouses have suffered substantial damage to their quality of life, including loss of companionship and loss of consortium; the drawback of living with a potentially permanent source of MRSA infection; and on-going and constant concern and apprehension over of contracting a potentially life-threatening infection.

53. As a direct and proximate result for Defendant's acts and omissions, and breaches of the aforementioned and other duties, Infected Children have suffered substantial damage to their quality of life, including loss of companionship with their infected parent; the contraction of a potentially life-threatening infection; the drawback of living with a potentially permanent

source of MRSA infection; the pain, disfigurement and disruption of their lives caused by reoccurring MRSA outbreaks; as well as the on-going and constant concern and apprehension over of reoccurrences of MRSA outbreaks.

54. Defendant's conduct in allowing such the infection of their employees, and the infection and/or potential infection of their employees' family members; and failing and refusing to remedy such problems within a reasonable period of time was reckless, willful, wanton, and/or intentional and otherwise outrageous because they have consciously disregarded Plaintiffs' rights, health, and safety, thereby justifying an award of punitive damages against Defendant.

WHEREFORE, Plaintiffs demand judgment against Defendant for actual damages in a fair and reasonable sum in an amount to be determined at trial sufficient to compensate Plaintiffs for the negligence of Defendant; for punitive or exemplary damages to be determined at trial in an amount set by law and or the trier of fact sufficient to punish Defendant for the above-described conduct and to deter others from like conduct; that the costs of this action be assessed against Defendant, and for such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand their constitutional right to a trial by jury.

Dated: February 28, 2013          **Respectfully submitted,**

By: /s Cynthia Johnson Rerko
Cynthia Johnson Rerko
State Bar No. 16788790
Cynthia Johnson Rerko, Esq.
A Professional Corporation
752 CR 281
Gainesville, Texas 76240
Tel: 940-665-0950
cjrerko@cynthiarerko.com
Attorney for Plaintiffs